UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HOWARD,<br><br>        Petitioner,<br><br>v.<br><br>UNKNOWN,<br><br>        Respondent. | Case No.: 17cv1949-LAB (JLB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The Petition is subject to dismissal without prejudice because Petitioner has failed to satisfy the filing fee requirement, and failed to name a proper respondent.

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

**FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as

1

the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." Id. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has incorrectly named "People" as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections and Rehabilitation. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C.

foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not satisfied the filing fee requirement and has not named a proper respondent.

**CONCLUSION AND ORDER**

Based on the foregoing, the Court **DISMISSES** this action without prejudice because Petitioner has failed to name a proper respondent, and failed to allege exhaustion of state judicial remedies. To have this case reopened, Petitioner must submit, **no later than November 30, 2017,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee **and** file a First Amended Petition which cures the pleading defects identified above. The Clerk of Court shall send a blank Southern District of California In Forma Pauperis Application and a blank Southern District of California amended petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: September 29,, 2017

Hon. Larry Alan Burns
United States District Judge

3
17cv1949-LAB (JLB)